J. P. GRUBB, d.b.a. TRI-STATE TRANSIT CO. v. P. U. C.

Ohio Supreme Court.

Nos. 21098 and 21184. Decided Nov. 14, 1928.

Error to P. U. C.

Order affirmed.

KINCADE, J.

**AUTOMOBILES.**

(50 P2b) The Public Utilities Commission, when considering an application for an interstate certificate of necessity and convenience, is not confined entirely to the terms of the application filed and to the testimony of the ap-

plicant concerning his ability to furnish the transportation in question and his intention to comply with the provisions of law and the rules promulgated by the Commission. The Commission may receive any competent evidence offered bearing on the question of the good faith of the applicant, and in this respect may take into account facts known to the Commission as evidenced by its own records, with respect to prior conduct of the same applicant under different certificates issued to him for motor-bus transportation over the highways of the state; and when a consideration of all the evidence on that subject makes manifest the fact that the applicant is seeking a certificate with respect to any portion of his route for the purpose of enabling him, while actually operating under an interstate certificate, to carry intrastate passengers, the same as though he were operating under an intrastate certificate, the Commission may deny his application with respect to that portion of the route designated. The fact that the Commission announces orally that an application will be granted as applied for, supplemented by the further fact that the Commission then enters upon the files of the case a memorandum in like effect does not bar the Commission from a further investigation of the case or from modifying the entry made upon the files of the case when the Commission comes to issue its formal and final certificate to the applicant.

(Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)